[Civ. No. 3147.    First Appellate District, Division Two.—December 20, 1919.]

## WILLIAM M. EBNER, Respondent, v. WEST HOLLYWOOD TRANSFER COMPANY (a Corporation), et al., Appellants.

[1] PROMISSORY NOTES—EXECUTION BY PRESIDENT AND SECRETARY OF CORPORATION — CONSIDERATION — ESTOPPEL — LIABILITY OF GUARANTORS.—Where the promissory notes of a corporation, executed by its president and its secretary, are given for a valid and subsisting indebtedness and, as a consideration therefor, the corporation receives its former note, canceled, which was given for the purchase of certain property which it continues to retain and enjoy the use and benefit of, it will be estopped to deny the execution of said notes; and the secretary of the corporation, who executed a written guaranty thereof, is liable thereon as a guarantor.

[2] ID.—ACTION ON NOTES—ADMISSIONS—JUDGMENT—RESERVATION OF RULINGS—AFFIRMATIVE DEFENSE—BURDEN OF PROOF.—Where, in an action to recover on such notes, it was admitted that they were executed by the president and the secretary, claiming to act for the corporation, and that the secretary executed the written guaranties thereof, the admission in evidence of such notes was not necessary to support the judgment thereon against the corporation and against such secretary as guarantor; therefore, the latter was not prejudiced by the action of the trial court in reserving its ruling upon the admissibility of the notes in evidence. If he had any affirmative defense the duty was on him to establish it by any evidence that existed.

[3] TRIALS — RESERVATION OF RULINGS — IRREGULARITIES — WANT OF PREJUDICE—APPEAL.—Where the reservation of a ruling by the trial court constitutes a mere irregularity, and does not result in any injustice to the complaining party, the judgment will not be disturbed on appeal because of such irregularity.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

William B. Ogden and Ralph E. Esteb for Appellants.

---

1. Ratification by corporation of unauthorized contract entered into by officer by acceptance and retention of benefits, note, 7 A. L. R. 1446.

Emmet H. Wilson, Harlan G. Palmer and William J. Palmer for Respondent.

LANGDON, P. J.—This is an appeal by the defendants, West Hollywood Transfer Company and P. Steffenson, from a judgment against them in an action to recover upon three promissory notes of the defendant corporation, and the guaranties by the individual defendants. The defendant G. U. Barck agreed, in open court, that judgment might be entered against him as such guarantor.

The principal objection of the appellants is that the notes upon which suit was brought were not admitted in evidence by the trial court, and that as the suit was upon the notes, and the guaranties written upon the backs thereof, there was nothing before the court upon which its judgment could be based. It appears from the record that the notes were offered several times by the plaintiff; they were marked for identification, but no ruling was made thereon and the notes were not admitted in evidence during the trial of the case. It is argued by the respondent that the notes should have been admitted in evidence and that the court, at the time it arrived at its conclusion, so decided and admitted the notes in evidence at the time it gave judgment for the plaintiff.

It appears from the record that the notes upon which the judgment is based were signed by the West Hollywood Transfer Company, by G. U. Barck, president, and P. Steffenson, secretary. There was no seal of the corporation attached thereto, and there was no showing made by the plaintiff that the president and secretary had authority to sign these notes. The notes were set out in the complaint. The answers of the appellants deny that the corporation made the notes, but admit that Barck, claiming to act as president, and Steffenson, claiming to act as secretary, of the company, did execute the said documents set out in the complaint. The answers also deny that Barck was authorized by the corporation to execute said notes, but do not deny the authority of Steffenson. There is also a denial that the corporation ever delivered the notes. While it is true that the authority of the president and secretary to execute these notes was not shown, there were other facts

shown which would estop the corporation from denying the
due execution and delivery of the notes. It was shown that
G. U. Barck was the president and P. Steffenson was the
secretary of the corporation at the time the notes were
signed. It was shown that the corporation had previously
purchased certain property of the Hollywood and Los An-
geles Daily Express Company, for which property it had
given its note, dated April 17, 1915, in the sum of $6,903.50,
to the plaintiff. At the time this note was given, the de-
fendant G. U. Barck was the president of the corporation
and one C. B. McCall was the secretary thereof. In Au-
gust, 1916, this note remained unpaid, and at that time the
defendant Steffenson purchased an interest in the Trans-
fer Company. At this time he received the stock of the
company held by McCall, and gave his check for three
thousand dollars, which was deposited to the credit of the
company and used to pay its debts. He also, at this time,
together with Barck, guaranteed the notes sued upon in
this action, which notes were given in payment of the old
note of the company for $6,903.50, which note was, at that
time, marked "paid" and returned to the company. Said
canceled note for $6,903.50 was introduced in evidence by
the plaintiff and was admitted to have come from the cus-
tody and control of the defendant company. [1] It there-
fore appears that the notes sued upon here were given by
the company for a valid and subsisting indebtedness; that,
as a consideration therefor, the company received its former
note, canceled, which had been given for the purchase of
certain property. The corporation has retained and en-
joyed the benefits of the transaction. The giving of the
notes in suit was not an *ultra vires* act. Under such cir-
cumstances, the corporation would be estopped to deny
the execution of said notes, and defendants' denial that the
president was authorized to execute the notes would become
unimportant.

As stated before, it appears from the record that the trial
court, in effect, reserved its ruling upon the admissibility
of the notes. It becomes unnecessary, however, for us to
determine whether or not the notes should have been ad-
mitted in evidence. For it is admitted in the pleadings that
the notes were executed by Barck and Steffenson, claiming
to act for the company. The denial of the allegation that

the notes were executed by the company can be of no avail
in view of the evidence we have just reviewed, which would
preclude the company from denying the due execution of
the notes. It is admitted by the pleadings that the de-
fendant Steffenson executed a written guaranty of said
notes, which guaranty is set out in the complaint. Since
the notes were valid obligations of the corporation, upon
the theory of estoppel, at least, the defendant Steffenson is
liable thereon as a guarantor. The cases cited by appellant,
on this question, are not in point here. In one or two of
these cases it is held that where the principal debt is barred
by the statute of limitations, the guarantor cannot be held.
This rule is based upon a fundamental principle not involved
here. That principle is that the guarantor has certain rights
of subrogation against the principal and, therefore, if the
creditor allows the obligation of the principal debtor to
expire by limitation, he seriously injures the guarantor, who
is thus deprived of his remedy against the principal, and
for this reason the creditor may not, under such circum-
stances, enforce the guaranty. Also is this the case where
the creditor extends the time of payment. It is said that
this deprives the sureties or guarantors of their right to
collect out of the assets of the principal debtor as such as-
sets existed at the time the debt was due. But no such rea-
son exists in the present case. Whatever rights the guar-
antor is entitled to in the matter of subrogation to the
claim of the creditor against the principal debtor are unim-
paired by any irregularities in the notes sued upon, because,
as we have just said, such irregularities, if any there be,
may not be set up by the corporation to avoid its obligation
under the circumstances in evidence here. The admission
in the pleadings that the defendant Steffenson executed the
written guaranty disposes of his objection that the written
guaranty was not admitted in evidence.

[2]  But it is insisted by the appellant that the defend-
ant Steffenson was prejudiced and misled by the action of
the trial court in not ruling upon the admissibility of the
notes before the time of giving judgment. This argument is
predicated upon the following facts: The answer of Steffen-
son set up as an affirmative defense to the contract of guar-
anty that his signature thereto had been obtained by false
and fraudulent representations upon the part of the creditor.

The court found that no such representations were made. Steffenson, however, contends that, as the notes were never received in evidence, and there was no written guaranty in evidence, there was nothing upon which to base the judgment, and it therefore never devolved upon him to prove his affirmative defense because a *prima facie* showing was not made by the plaintiff. It is argued that, as Steffenson was excused from offering evidence upon his affirmative defense, the finding upon such defense was improper. He urges that, if the notes were to be admitted in evidence, then the case should have been reopened, so that he might have had an opportunity to offer evidence upon his affirmative defense. This argument, of course, loses much of its force in view of our conclusion that the judgment was warranted without the admission of the notes, under the admissions in the pleadings and the evidence before the court as to facts which would estop the corporation to deny the due execution and delivery of the notes. For it follows that, even without the admission of the notes, it became the duty of the defendant Steffenson to establish his affirmative defense to the guaranty by any evidence which existed. Furthermore, the defendant Steffenson had filed in the action a cross-complaint which set up substantially the same allegations as those contained in the affirmative defense in the answer. The record shows that Steffenson attempted to establish the allegations of fraud, but for some reason abandoned the attempt and dismissed his cross-complaint. The attorney for Steffenson, in examining the witness McCall, attempted to bring out the facts regarding the financial condition of the West Hollywood Transfer Company at the time Steffenson was induced to purchase the stock and indorse the notes in suit. Among others, he asked the following question: "Well, I will get you to state, Mr. McCall, if you know, what was the financial condition of the West Hollywood Transfer Company along in July and August, 1916." The question was objected to and the objection was overruled. The attorney for said defendant failed, however, to secure an answer to the question or to follow it up in any way. The record ends abruptly here with the question unanswered and a ruling of the court in favor of the defendant. It therefore appears that Steffenson voluntarily abandoned the proof of his allegations of fraud, and also that,

under the admissions in the pleadings, he was called upon at this time to establish said defense if he desired to rely thereon. While it is true that the practice of reserving rulings upon evidence has been frequently criticised by our supreme court, and while it is true that the defendant may have been misled to a certain extent by the action of the trial court in reserving its ruling upon the admission of the notes, it is apparent that no prejudice has resulted to him from such error. [3] Where the reservation of a ruling is a mere irregularity, and does not result in any real injustice to the appellant, the judgment will not be disturbed upon appeal for this reason. Whether the practice of reserving rulings will be ground for reversal in any given case will depend upon the particular circumstances of that case. (*Martin* v. *Lloyd,* 94 Cal. 204, 205, [29 Pac. 491].) We think, under all the circumstances in the present case, the record discloses no prejudicial error.

The judgment is affirmed.

Brittain, J., and Nourse, J., concurred.