[Civ. No. 8194.   Second Appellate District, Division Two.—February 20, 1934.]

JOHN A. GUMP, Respondent, v. MARY E. McPHERSON, Administratrix, etc., Appellant.

Walter J. Little for Appellant.

Fogel & Beman for Respondent.

STEPHENS, P. J.—This is an appeal from a judgment for the sum of $12,500 with interest upon a disallowed claim against the estate of A. W. McPherson, deceased. Appellant contends that the judgment cannot stand for the reason that the statute of limitations had run against a promissory note with a trust deèd securing its payment before the claim was presented to the probate court.

The facts are as follows: On the twenty-third day of January, 1928, John A. Gump (plaintiff-respondent) delivered his check to C. D. Francis, trustee in a trust deed later herein mentioned, for the sum of $12,500 and received back the following writing, to wit:

"Santa Monica, California,
"January 23rd, 1928.

"Whereas, John Gump has this 23rd day of January, 1928, purchased a one-half interest in and to that certain trust deed note of $25,000 dated Oct. 17th, 1924, due one year after date, executed by Charles L. Forgey in favor of C. P. Thomas, said note having been assigned in blank by C. P. Thomas dated December 10th, 1924, executed by Charles L. Forgey in favor of C. P. Thomas, recorded in book 621, page 448 of official records of Riverside county, California, I do hereby agree to protect said John Gump from any loss by reason of his purchase of one-half interest in said note and trust deed. Interest to start and run from 1/23/28.

"A. W. McPHERSON."

"We hold the above note for collection,
"The First National Bank in Santa Monica,

"C. D. FRANCIS."

The note referred to was an ordinary promissory note dated October 17, 1924, for the sum of $25,000, payable in one year after date, bearing interest at seven per cent per annum, signed Charles L. Forgey and assigned in blank December 10, 1924. The transfer is indorsed as accepted

by C. D. Francis, trustee. The note was secured by deed of trust on real property. Francis testified that he had a personal interest in the note on the day of this transaction.

On October 1, 1929, Francis and McPherson exchanged letters. Francis stated in his letter that he is, at McPherson's request, deeding half of the trust deed property to Gump. The deed to be delivered when Gump returns the trust deed which he was holding for security. McPherson wrote in response as follows:

"Santa Monica, Cal.,
"October 1st, 1929.

"Mr. C. D. Francis,
    "Santa Monica, Cal.

"Dear Sir: Re: J. A. Gump mortgage Loan.

"Your even date re. above subject: When you assigned a one-half interest in the Riverside County mortgage—Forgy Trust Deed—to Mr. J. A. Gump for which he paid you $12,500., I gave Mr. Gump written guarantee as to its payment.

"I think Mr. Gump has the same security now for his money as he had before, namely a one-half interest in the land in lieu of a one-half interest in the mortgage. As the mortgage was expiring because of limitation I see no other way for you to secure him.

"However, he does not want the land, and I wish to protect him as I had agreed. I am therefore signing a demand note for $12,500 in his favor and this you will kindly attach to the deed, and the deed may be cancelled if you sell the land and return this note to me, and pay him $12,500.00. He will be willing to take a three year 7% mortgage for $12,500.00 on the land as a whole.

"I think this makes plain the purpose for which I signed the note.

"Yours truly,
    "A. W. MCPHERSON,
    "A. W. MCPHERSON.

"Please attach this letter to the note and deed.
    "A. W. M.

"Deed and note delivered to collection department 2/24/30."

On January 16, 1930, Francis, as trustee, executed a complete reconveyance of the property described in the trust deed and acknowledged full satisfaction for the note. Immediately after the signature of Francis as trustee on this release, there is appended a confirmation signed "J. A. Gump, by A. W. McPherson".

McPherson died on July 9, 1930, and up to the last quarter before his death had paid interest to Gump according to the terms of the agreement.

During the trial J. A. Gump was sworn and testified that he had been paid nothing on account of principal of the loan and that he did not authorize the signing of his name to the reconveyance. To this an objection was interposed that a party to a suit against the personal representative of a deceased person cannot testify (sec. 1880, Code Civ. Proc.), but the objection was overruled.

It would seem that the objection was good but it can make no difference in this case. There is absolutely no evidence to show that McPherson had any right to sign Gump's name to anything. Moreover, the McPherson letter to Francis plainly states that whatever arrangement may be made about the land he is to protect Gump according to his contract. There is nothing in the evidence to indicate that Gump ever received any payment of the debt and the payment of the interest indicates that there had been none made to him. Whatever was the transaction of McPherson and Francis regarding the note and trust deed, Gump seems to have had no part in it. McPherson regarded his contract with Gump as independent of the security on the note and we think its terms are plain that this was the mutual intention. "Contracts of guarantee are not affected by rules different from those employed in construing other contracts. . . ." (*First Nat. Bank* v. *Bowers*, 141 Cal. 253, at p. 261 [74 Pac. 856, 860].) "Accordingly, the rule is that the creditor loses no rights against the indorser, whose liability has become fixed, by simple failure to enforce his lien against property mortgaged for security of the debt." (*Carver* v. *Steele*, 116 Cal. 116, at p. 119 [47 Pac. 1007, 1008, 58 Am. St. Rep. 156].) To like effect, *Kinsel* v. *Ballou*, 151 Cal. 754, at page 760 [91 Pac. 620]. The cases of *Ebner* v. *West Hollywood Transfer Co.*, 45 Cal. App. 186 [187 Pac. 114], and *Anderson* v. *Shaffer*, 98 Cal. App. 457 [277 Pac.

185], cited by appellant, do not appear to us as being in point. It follows that the running of the statute of limitations as to the note and trust deed is of no consequence in the case.

The judgment is affirmed.

Craig, J., and Archbald, J., *pro tem.*, concurred.