In the Matter of SAMUEL WEINRIB, Appellant, against DAVID W. BEIER, as Secretary of the State Board of Dental Examiners, et al., Respondents.

Submitted October 8, 1945; decided October 25, 1945.

*Edward C. Weinrib* and *Samuel Lawrence Brennglass* for motions. I. Unless a sentence is imposed and pronounced and a judgment of conviction entered thereon, there is no conviction in the eye of the law, where disabilities, disqualifications or forfeitures are to follow upon a conviction. (*People* v. *Fabian,* 192 N. Y. 443; *Matter of Koehler & Co.,* v. *Clement,* 193 N. Y. 605; *People ex rel. Marcley* v. *Lawes,* 254 N. Y. 249; *People ex rel. La Placa* v. *Murphy,* 252 App. Div. 827, 277 N. Y. 581; *People* v. *Harcq,* 292 N. Y. 321; *People* v. *Bork,* 78 N. Y. 346; *State Medical Board* v. *Rodgers,* 190 Ark. 266; *Page* v. *State Board of Medical Examiners,* 141 Fla. 294; *Donnell* v. *Board of Registration of Medicine,* 128 Me. 523; *Meyer* v. *Missouri Real Estate Commission,* 183 S. W. 2d 342; *Smith* v. *Virginia,* 134 Va. 589; *Matter of Ringnalda,* 48 F. Supp. 975; *Matter of Donegan,* 282 N. Y. 285.) II. Cases involving revocation of licenses to practice law in disciplinary disbarment proceedings have no application to the question here presented. (*Matter of Sugarman,* 237 App. Div. 346; *Matter of Gladstone,* 267 App. Div. 670; *Ex parte Wall,* 107 U. S. 265; *In re Elliott,* 73 Kan. 151; *In re Gottesfeld,* 245 Pa. 314; *Matter of Tarsey,* 184 App. Div. 946; *Matter of Lindheim,* 195 App. Div. 827; *Matter of Frankel,* 264 App. Div. 299; *Matter of Rabenold,* 259 App. Div. 516.) III. The duty to construe the statute involved in this proceeding rests upon the court and cannot be delegated to any lay body. (*Winchell* v. *Town of Camillus,* 109 App. Div. 341; *People* v. *Gamly,* 170 App. Div. 702; *Matter of O'Connor* v. *Emerson,* 196 App. Div. 807, 232 N. Y. 561; *City of New York* v. *New York City Ry. Co.,* 193 N. Y. 543.)

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Henry S. Manley* and *Sidney Tartikoff* of counsel), opposed. I. The terms " conviction " and " convicted " as used in section 1311 of the Education Law mean merely a judicial finding of guilt, regardless of whether sentence is imposed or suspended. (*McNeill's Case*, 1 Caines Rep. 72; *Shepherd* v. *People*, 25 N. Y. 406; *People ex rel. Devoe* v. *Kelly*, 97 N. Y. 212; *People* v. *Cignarale*, 110 N. Y. 23; *People ex rel. Forsyth* v. *Court of Sessions*, 141 N. Y. 288.) II. " Conviction " and " convicted " are intended by the Legislature to mean the same for dentists as they do for attorneys. (*Matter of Randel*, 158 N. Y. 216; *Matter of Rouss*, 221 N. Y. 81; *Matter of Cherry* v. *Board of Regents*, 289 N. Y. 148; *People* v. *Hawker*, 152 N. Y. 234; *Hawker* v. *New York*, 170 U. S. 189; *Matter of Lindheim*, 195 App. Div. 827; *Matter of Kaufmann*, 195 App. Div. 830, 254 N. Y. 423; *Matter of Rabenold*, 259 App. Div. 516; *Matter of Frankel*, 264 App. Div. 299; *Matter of Griffin*, 249 App. Div. 381; *Matter of Stein*, 249 App. Div. 382; *Matter of Newell*, 157 App. Div. 907; *Matter of Tarsey*, 184 App. Div. 946; *Matter of Sugarman*, 237 App. Div. 346; *Matter of Greenberger*, 265 App. Div. 343; *Matter of Gladstone*, 267 App. Div. 670; *Matter of Winett*, 267 App. Div. 671.) III. Medical license cases from other States are not helpful to interpret " conviction " as used in a New York statute. (*State Medical Board* v. *Rodgers*, 190 Ark. 266; *Page* v. *State Board of Medical Examiners*, 141 Fla. 294; *Donnell* v. *Board of Registration of Medicine*, 128 Me. 523; *Schireson* v. *State Board of Medical Examiners*, 130 N. J. L. 570.)

*Per Curiam.* These are motions for leave to appeal from an order of the Appellate Division, Third Department, affirming unanimously an order of the Supreme Court, Albany County, denying an application under article 78 of the Civil Practice Act to review, vacate and annul the action and determination of the State Board of Dental Examiners and the Commissioner of Education of the State of New York, revoking the license of the petitioner to practice dentistry in the State of New York and confirming such action, and for an order staying all pro-

ceedings pending determination of the motion for leave to appeal.

Petitioner was licensed to practice dentistry in 1913. In 1943, while in a cafe in New York City, he shot his female companion and was thereafter indicted for an attempt to commit the crime of murder in the first degree and for assault in the first degree. In 1944, he pleaded guilty to the latter of the two crimes, a felony. The one assaulted recovered and settled with petitioner a civil action which she had brought to recover damages for her injuries. Thereafter, sentence was suspended and petitioner was discharged from custody after having been placed upon probation for five years, with the added requirement that he submit to psychiatric treatment until certification was made to the probation department that further treatment was unnecessary.

Upon the transcript of the record of the Court of General Sessions of the County of New York, disclosing the plea of guilt and the suspension of sentence, as outlined above, the license of petitioner was forfeited and marked " canceled " pursuant to the provisions of Education Law, article 49, section 1311, subdivision 12. That section reads, in part, as follows: " A conviction of felony shall forfeit a license to practice dentistry, and upon presentation to the department or a county clerk by any public officer or officer of a dental society of a certified copy of a court record showing that a practitioner of dentistry has been convicted of felony, that fact shall be noted on the record of license and clerk's register, and the license and registration shall be marked ' canceled.' ".

We have presented to us the problem of deciding the meaning of the words " convicted of felony " in that particular section of the Education Law. It has been said " that the question whether the word ' conviction ' in any particular statute shall be taken to include a suspended sentence, is one of legislative intention ". (*People ex rel. Marcley* v. *Lawes*, 254 N. Y. 249, 254.) Again, we have said in *People* v. *Fabian* (192 N. Y. 443, 449): " This use of the term [' convicted '], with varying meanings, even in the same statute, and extending right

down to the immediate present, certainly demonstrates that there is no fixed signification which the courts are bound to adopt, and leaves us the utmost freedom of inquiry as to what was intended when the legislature was empowered to disfranchise convicted citizens.''

We have, upon occasion, interpreted the word '' conviction '' to mean a verdict or plea of guilt. *Matter of Lewis* v. *Carter* (220 N. Y. 8), where in construing Prison Law, section 211, we said (p. 16): '' The word ' convicted ' or ' conviction ' is of equivocal meaning. It·may mean the adjudication of guilt whether by plea, finding or verdict. It may mean the adjudication and the judgment or sentence.'' See, also, *People ex rel. Spurio* v. *Foster,* 293 N. Y. 820, construing section 219 of the Correction Law. In a disciplinary proceeding against a member of a profession, where the latter confesses in open court by formal plea of guilt the commission of a felony, it seems to us that the Legislature clearly intended that such plea constituted conviction of a felony, even though probation followed rather than commitment to prison.

The motions should be denied.