THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN MUCCIOLO, Appellant, against WILLIAM E. SNYDER, as Warden of Sing Sing Prison, Respondent.— Appellant pleaded guilty in the Kings County Court on September 13, 1935, to an indictment charging a felony, and was committed by order of the court to the Institution for Male Defective Delinquents, at Napanoch, New York. (Correction Law, § 438.) On February 4, 1941, appellant pleaded guilty to an indictment charging a felony, and was sentenced as a second offender under section 1941 of the Penal Law. In this proceeding appellant's petition for a writ of habeas corpus alleges that he was illegally sentenced as a second offender, on the ground that the plea of guilty, followed by commitment to the Napanoch institution, did not constitute a prior conviction which can be considered under section 1941 of the Penal Law; and that he is in law a first

offender. The order on appeal dismissed the writ of habeas corpus and remanded the appellant to Sing Sing Prison, where he is held by reason of the sentence imposed under section 1941 of the Penal Law. Order affirmed. For the purpose of conviction of a second offense "the plea or verdict and suspension of sentence or suspension of execution of the whole or a part of the judgment after sentence" (Code Crim. Pro., § 470-b) is a conviction; and this is so despite what has been said as to whether or not a plea of guilty, not followed by a sentence or suspension of sentence, is a judgment of conviction. A commitment to the Napanoch institution can only be made after conviction of a criminal offense. (Correction Law, § 438.) (See *Matter of Weinrib* v. *Beier*, 294 N. Y. 628.) Reading section 1941 of the Penal Law according to the fair import of its terms, "to promote justice and effect the objects of the law" (Penal Law, § 21), the defendant's plea of guilty, followed by commitment to the Napanoch institution, was a conviction upon which he was, upon conviction of another felony thereafter, properly sentenced as a second offender. The rule that a penal statute is to be strictly construed does not apply to section 1941 of the Penal Law. (See Penal Law, § 21.) Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ., concur. [See *post*, p. 1049.]