THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ROBERT GIANNI, Defendant.

County Court, Westchester County, October 16, 1951.

*George M. Fanelli, District Attorney (Frederick E. Weeks, Jr.,* of counsel), for plaintiff.

*Robert Gianni,* defendant in person.

BRENNAN, J. This is an application in the nature of a writ of error *coram nobis,* to vacate and set aside a judgment of the Westchester County Court, dated December 30, 1937, wherein the defendant herein, after a trial by jury, was convicted of the crime of rape in the first degree and the crime of assault in the second degree.

The petitioner's moving papers state that on June 12, 1936, he pleaded guilty to a felony before a court of competent jurisdiction in this State, but on June 15, 1936, sentence was *deferred* by said court and he was placed on probation. The petitioner now contends that after having been convicted of the aforementioned felonies in this court in 1937, he was improperly sentenced by the Westchester County Court on December 30, 1937, as a second felony offender because no sentence had ever been imposed upon him following his plea of guilty to the first felony charge against him in 1936. In other words, he claims that with respect to the first felony, he had not been " convicted " of the same within the meaning of section 1941 of the Penal Law. As authority for his contention he cites *Matter of Richetti* v. *New York State Bd. of Parole* (300 N. Y. 357). However, in the cited case, the court held that the use of the term " conviction " may vary with the particular statute involved and that a question of legislative intent is presented. There the court considered the use of the term " conviction " with respect to section 242 of the Correction Law and for reasons not applicable here, determined that a deferment of sentence did not constitute a conviction under the said section of the Correction Law.

A careful research by this court has failed to reveal any direct holding by any court with respect to the precise issue here presented. This court agrees that the statutes here involved are penal in character and must be strictly construed in favor of liberty. (*People ex rel. Carollo* v. *Brophy,* 294 N. Y. 540.) However, in the matter at bar the legislative intent with respect to section 1941 of the Penal Law may be found when it is read in conjunction with section 470-b of the Code of Criminal Procedure. This latter section is the exception to the general rule that each prior verdict or plea must be followed by the judgment of the court imposing a sentence and the actual execution thereof as said section provides that for the purpose of a conviction of a second offense " the plea or verdict and suspension of sentence

or suspension of execution of the whole or a part of the judgment after sentence '' shall be regarded as, and is, a conviction. Upon occasion, our courts have interpreted the word '' conviction '' to mean only an adjudication of guilt, whether by plea, finding or verdict; on other occasions, our courts have held that this word may mean and embrace not only the adjudication of guilt, but also the judgment or sentence. In the opinion of this court, a proper interpretation of section 470-b of the Code of Criminal Procedure and section 1941 of the Penal Law, requires a holding that the Legislature intended that a plea of guilty shall constitute a conviction for the purpose of adjudicating a defendant as a second felony offender. (*Matter of Weinrib* v. *Beier,* 294 N. Y. 628; *Matter of Lewis* v. *Carter,* 220 N. Y. 8; *People* v. *Bloom,* 276 App. Div. 1101; *People ex rel. Mucciolo* v. *Snyder,* 269 App. Div. 985, affd. 295 N. Y. 866.)

A similar holding to the one here made is found in the dictum contained in *People ex rel. Bistany* v. *Brophy* (173 Misc. 572, 575.)

Accordingly, the petitioner's application is denied. The District Attorney is requested to present an order for signature and when signed, to send to the petitioner herein a copy thereof with notice of entry indorsed thereon.