THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES VON GLAHN, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered October 29, 1953, sentencing him as a second felony offender to imprisonment for a term of not less than thirty nor more than sixty years for the crime of robbery, first degree, and from intermediate orders. Appellant was originally sentenced on conviction in 1938, as a fourth felony offender. This sentence was found to be illegal, and he was returned to the County Court for resentence in 1939. He was then charged in an information presented by the District Attorney with previous convictions of felonies, one in Kansas, and the other in New York State for assault, second degree. As a result of the latter conviction he had been committed to the Institution for Male Defective Delinquents at Napanoch, N. Y. He admitted that he was the same person who had been convicted as stated in the information, but contended that neither conviction was sufficient as a prior felony convic-

tion, as contemplated by section 1941 of the Penal Law. The County Court did not determine whether the conviction which resulted in the commitment to Napanoch justified appellant's sentence as a second felony offender, but imposed such sentence on the basis of the conviction in Kansas. Subsequently, on a writ of habeas corpus, the County Court of Wyoming County determined that the Kansas conviction was not for a crime which would have been a felony if committed in New York State, and appellant was thereupon returned again to Suffolk County for the correction of his sentence. The record does not disclose whether or not the County Court in Wyoming County was informed of appellant's previous conviction of assault, second degree. In any event, that court apparently did not decide whether or not that conviction justified appellant's sentence as a second felony offender. The Suffolk County Court then decided that appellant's conviction of assault, second degree, and commitment to Napanoch constituted a previous felony conviction, within the meaning of section 1941 of the Penal Law (*People ex rel Mucciolo* v. *Snyder,* 269 App. Div. 985, affd. 295 N. Y. 866), vacated its previous judgment and sentence and resentenced appellant to the same term of imprisonment as had been imposed in 1939, giving him credit for the time already served. In so doing the court denied an application that the execution of the judgment be suspended, stating that the exercise of such discretion was forbidden by the provisions of section 2188 of the Penal Law. Appellant contends on this appeal that the County Court had discretion to suspend the execution of the judgment (cf. *People* v. *Webster,* 279 App. Div. 944, affd. 304 N. Y. 621), that the judgment should be reversed, and that he should again be returned to the County Court, so that that court may exercise its discretion, and determine whether or not he should be subjected to further imprisonment. Judgment unanimously affirmed. The County Court correctly decided that it had no power to suspend sentence or the execution of the judgment. Although appellant had been improperly adjudged a second felony offender in 1939, on the basis of his previous conviction in Kansas, he had, nevertheless, on the occasion of his sentence in that year admitted a previous conviction of a felony in this State. Consequently, the judgment rendered in 1939 was valid, and there was no necessity to vacate it and to reimpose the sentence as was done by the judgment appealed from. However, we consider this action, as it was obviously intended by the court, as a confirmation of the action previously taken in 1939, upon the decision of a question of law not previously decided in imposing sentence in that year. The imprisonment directed by the judgment having been commenced, neither the sentence nor the execution of the judgment may now be suspended. (Penal Law, § 2188; *Matter of Moore* v. *Thorn,* 245 App. Div. 180, affd. 270 N. Y. 502.) A reversal of the judgment on the ground that the County Court should not have vacated its previous sentence would be of no avail to appellant, since the County Court would then be required to recommit him to serve the balance of his sentence as imposed in 1939. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ.