Mitchell D. Schweitzer, J.
The defendant was sentenced on December 6,1938 by the Honorable Cornelius F. Collins, after his conviction of the crime of grand larceny in the first degree, to the Elmira Reformatory, and execution of said sentence was suspended. Thereafter, on November 29, 1939, the defendant plead guilty before the Honorable Saul S. Streit to the crime of robbery in the third degree, and was sentenced as a second felony offender to a term of not less than 10 nor more than 20 years in State Prison.
Subsequent thereto and on December 7, 1939, Judge Collins, by reason of the defendant’s conflict with the law for which he *1027 was punished by Judge Stbeit, revoked the 1938 sentence previously imposed, and imposed a 5 to 10 year State prison sentence upon the defendant to run concurrently with Judge Stbeit’s sentence.
The defendant now contends that the sentence imposed upon him by Judge Stbeit as a second felony offender was improper, because there was no final judgment of conviction of the crime for which he was found guilty before the Honorable Cornelius F. Collins until December 7, 1939. Therefore, he contends that he should be resentenced as a first offender on his conviction before Judge Streep.
An examination of the legislative history of sections 1941 and 1942 of the Penal Law, clearly indicates that these sections were designed to protect society from habitual felons by enlarging the area of punishment for subsequent offenses (People v. Gennaro, 261 App. Div. 533, affd. 287 N. Y. 657).
Compliance by the court with the mandatory provisions of section 1941 of the Penal Law in nowise affects the punishment inflicted by the court for the prior felony which forms the predicate for the infliction of greater punishment for the new offense (People ex rel Prisament v. Brophy, 287 N. Y. 132). In the case of People v. Carlesi (154 App. Div. 481, 487, affd. 208 N. Y. 547, affd. 233 U. S. 51), the court said: “ The fact of the former conviction is an element merely in determining the criminality of the second offense. * * * The Legislature of this State has said that one who commits a crime, after having been convicted of another crime, is a greater offender than as though he had not previously been convicted, and the punishment inflicted is solely for the second offense to which a greater degree of criminality is thus attached.”
The determinative elements which permit the imposition of greater punishment as prescribed by section 1941 are twofold: (1) there must be a conviction, and (2) the conviction must be based upon a felony.
In the instant case there is no dispute as to the fact that the defendant’s sentence, imposed by Judge Collins in 1938, was upon his conviction for a felony.
The issue raised by this application is whether the status of a convicted second felony offender is affected by a subsequent resentence for the prior conviction that was relied upon in the information charging him as such.
A finding of guilty to a felony, whether by verdict or confession, constitutes a conviction for the purpose of adjudicating a defendant a second felony offender on his subsequent conviction for a second felony (People v. Gianni, 201 Misc. 275) *1028 and it is immaterial whether or not a sentence was imposed, suspended, stayed or executed. (People ex rel. Bistany v. Brophy, 173 Misc. 572; 260 App. Div. 994, affd. 285 N. Y. 839.) A plea of guilty followed by a commitment to Napanoch is deemed to constitute a felony conviction on which second felony offender punishment has been meted out by the court for a subsequent crime. (People ex rel. Mucciolo v. Snyder, 269 App. Div. 985, affd. 295 N. Y. 866.)
Where a plea of guilty to a felony has been entered by a defendant, the fact that the court did not pronounce judgment but instead deferred sentence and placed the defendant on probation does not preclude another court from imposing second felony offender punishment on said defendant after his conviction of a subsequent felony. (People v. Gianni, supra.)
The guilt of a defendant of a prior felony, obtained either by plea or jury verdict, is an underlying conviction whereby a court must impose punishment as prescribed by section 1941 of the Penal Law when such defendant is convicted of a subsequent felony (Code Crim. Pro. § 470-b, subd. 1; People ex rel. Bistany v. Brophy, supra.) Within this frame of reference, a writ of habeas corpus was dismissed where a defendant had been sentenced as a second felony offender and thereafter the sentence on the underlying felony had been vacated and the defendant resentenced nunc pro tunc (People ex rel. Naumo v. Jackson, 1 A D 2d 743). See, also, People v. Manieri, 4 Misc 2d 567; People v. Tyson, 127 N. Y. S. 2d 588.) Where a defendant received a presidential pardon for a Federal conviction (a felony in this State) on the ground that he “is innocent of the offense for which he is now being held ’ ’, and said defendant was thereafter convicted of a felony in this State, it was held that he was properly sentenced as a second felony offender because “ an executive pardon does not obliterate the judicial finding of guilt of the offense which has been pardoned” (People ex rel. Prisament v. Brophy, 287 N. Y. 132, 134, 138, supra). In the instant case, the action of Judge Collins was within the purview of section 470-a of the Code of Criminal Procedure and in nowise affected the validity of the conviction obtained before him in 1938.
As has already been indicated, the basis for the imposition of second felony punishment on this defendant stems from his conviction for a prior felony. The fact that the initial sentencing court exercised its prerogative to revoke probation and impose a concurrent prison sentence subsequent to the imposition of punishment as prescribed by section 1941 of the Penal Law, in nowise affects the validity of that sentence. There *1029 was in law and in fact a complete retention and preservation of the 1938 conviction so as to form the legal predicate for the imposition of the punishment prescribed by section 1941 of the Penal Law.
Accordingly, this motion is denied in all respects.
The District Attorney is directed to enter an order in conformance with the decision herein rendered and to forward a certified copy of said order to the defendant.