John F. Scileppi, J.
Defendant moves for a writ of error coram nobis and for an order correcting defendant’s sentence.
He urges three separate grounds for such relief.
First, that at the time he was sentenced'as a second felony offender under this indictment, he was in fact and in law a first offender and not subject to the additional punishment imposed pursuant to section 1941 of the Penal Law.
Second, that the out-of-State offense described in the prior offense information which formed the basis for sentencing defendant as a second felony offender in this court, was not in fact or in law an offense which would constitute a felony if it were committed in the State of New York.
Third, that in pronouncing judgment on the defendant the sentencing Judge considered the contents of the probation report which was not in all respects accurate, and that this served to influence the court to impose an excessive sentence on defendant.
The District Attorney opposes this motion in every respect, and urges that the motion be denied as being wholly without merit and without legal or factual basis.
Before discussing the merits of this application, the court points out that although the defendant designates this motion one for a writ of coram nobis as well as for an order correcting his sentence, in reality the defendant seeks to set aside his sentence as a second felony offender and for resentence as a first offender. The court, therefore, considers the defendant’s motion one for re sentence, because the relief sought herein is not a proper subject for review by writ of error coram nobis. (People v. Sadness, 300 N. Y. 69, 73, cert, denied 338 U. S. 952; People v. Sidoti, 1 A D 2d 232.)
The undisputed recorded facts reveal the following:
On September 23, 1959 the defendant was indicted in the County of Queens for the crimes of sodomy in the first degree, two counts, assault second degree with intent to commit sodomy, carnal abuse of child as felony, assault second degree with intent *410 to commit carnal abuse, and violation of section 483 of the, Penal Law.
On February 19,1960 the defendant appeared before the court and withdrew his former plea of not guilty and pleaded guilty to the crime of assault in the second degree to cover all the counts of this indictment.
On February 24, 1960 the District Attorney filed a prior offense information charging that the defendant had been previously convicted of a felony (assault with intent to commit rape) in the Superior Court of the State of California in and for the County of Los Angeles.
The defendant on March 1, 1960, admitted the prior offense committed in the State of California. On June 10, 1960, the defendant appeared with his attorney before this court for sentence, and after referring to his record and past history, the court sentenced defendant as a second felony offender to the New York State prison known as Sing Sing Prison for not less than 9 years nor more than 10 years.
On this motion the court is required to decide, among other questions, the legal effect of the recorded proceedings brought against the defendant in the Superior Court of Los Angeles County in the State of California wherein, after trial, he was found guilty of the offense described in the prior offense information, and upon which this court predicated the imposition of the sentence on the defendant as a second felony offender pursuant to section 1941 of the Penal Law.
The first question raised by defendant seems to be one of first impression for our research has failed to disclose any decision in point in this State or in California. It is the defendant’s contention that at the time he was sentenced in this court as a second felony offender, there was no prior conviction against him in the State of California. In support of this contention, the defendant primarily relies on the language contained in the minutes of the Superior Court of the State of California when defendant appeared before that court after he was found guilty. A copy of the order entered on the minutes of the Superior Court of California indicates that the defendant was sworn and testified on Ms behalf, after which the court found the defendant guilty as charged (emphasis supplied) in the information. The charges in the information were that the defendant committed the crime of assault with intent to commit rape in violation of section 220 of the Penal Code of California as follows: ‘‘ That the said Richard Machado on or about the 11th day of November, 1952, in the County of Los Angeles, State of California, did wilfully, unlawfully and feloniously *411 make an assault upon Holly L. Hollingsworth, a female person not then and there the wife of the said Bichard Machado, with the intent then and there and by force and violence [emphasis supplied] to have and accomplish an act of sexual intercourse with and upon the said Holly L. Hollingsworth.”
It appears from the record that on August 19,1954, defendant made an oral motion for a new trial in that California case. The motion was denied and the court made the following order: “ Proceedings be suspended [emphasis supplied] and probation is granted for 7 years. Defendant shall serve the first six months in the County Jail, with good time allowed, if earned. Defendant must obey all laws and must follow all rules of the Probation Department. The Court will consider a modification to permit the defendant to return to the home of his parents. Defendant is remanded.”
It appears that this disposition was made pursuant to section 1203 of the California Penal Code. There was no appeal by the defendant from the finding of guilt or from the order of probation. These proceedings were therefore final.
It is not clear whether the defendant served any part of the jail sentence, but in any event the probation order was modified by the court on September 8, 1954 permitting the defendant to return to the State of New York. While on probation in the California case, the defendant was convicted in this court.
The specific question to be decided on the first branch of the defendant’s motion is whether the proceedings against the defendant in California constituted a conviction under California law. If they did, then the court’s sentence of the defendant as a second felony offender in this case was legal, provided that the crime for which he was convicted there would be a felony if committed in the State of New York.
The defendant argues that because the entire u proceedings ” were “ suspended ” as distinguished from a suspension of sentence, there was no conviction in that court.
Under California law (California Penal Code, § 1203.4) the proceedings against the defendant there could be used in California to constitute the defendant a prior felony offender in the event he committed another felony in that State. All that the defendant obtained under California law as of August 19,1954, was the contingent statutory right to a future dismissal of the proceedings provided he completed his probationary period to the satisfaction of that court. This right was subject to cancellation in the event that he failed to do so. The fact that defendant was thereafter convicted of a felony in this court constituted a violation of the terms of probation in the Cali *412 fornia court. His probation was revoked and a Bench warrant issued ‘ ‘ no bail ’ ’ on March 27, 1959. However, defendant was not available to that court and sentence was never imposed in those proceedings under which he was placed on probation.
While there are California cases which hold that where the defendant is placed on probation, as the defendant was in the California case, there is in fact no judgment of conviction (People v. Goldstein, 136 Cal. App. 778; Stephens v. Toomey, 51 Cal. 2d 864 [1959]), it has been held in that jurisdiction that the ascertainment of guilt constitutes a conviction. Thus it appears that the California courts, for certain purposes, distinguish a judgment of conviction from a finding of guilt, which is the conviction itself. This is apparently done to give effect to the provisions of section 1203 of the California Penal Code under which the defendant was there sentenced and which is designed to promote the rehabilitation of defendants, and under which the courts by suspending the proceedings have preserved certain rights of defendants while they conform with the conditions of probation. However, this in no way affects the ascertainment of guilt by the trial court which constitutes the conviction. (People v. Clapp, 67 Cal. App. 2d 197.) The conviction does not mean the judgment based upon the verdict but is the verdict itself. (People v. Ward, 134 Cal. 301, 308.) This is so even when a defendant is placed on probation. (People v. Christman, 41 Cal. App. 2d 158.)
Section 1941 of the Penal Law defines a second offender as follows: “ A person, who, after having been once or twice convicted within this state, of a felony, or under the laws of any other state * * * of a crime which, if committed within this state, would be a felony, comrpits any felony, within this state, is punishable upon conviction of such second or third offense, as follows ”.
Wliile it is true that ordinarily the sentence is the judgment of conviction in the State of New York (People v. Collins, 271 App. Div. 511) our courts have recognized that a judgment of conviction is not the only meaning of the word ‘ ‘ conviction ’ ’. In Matter of Richetti v. New York State Bd. of Parole (300 N. Y. 357, 360) the court said: “the word 1 conviction' is of equivocal meaning and * * * the use of the term may vary with the particular statute involved. It presents a question of legislative intent. ’ ’
Again in People v. Gianni (201 Misc. 275, 277) the word “ convicted ” as used in section 1941 of the Penal Law was defined as follows: “In the opinion of this court, a proper interpretation of section 470-b of the Code of Criminal Procedure and section *413 1941 of the Penal Law, requires a holding that the Legislature intended that a plea of guilty shall constitute a conviction for the purpose of adjudicating a defendant as a second felony offender.’’
Therefore, while the sentence and judgment of conviction is conclusive evidence of the conviction itself, the sentence and judgment is not essential to constitute a conviction under the provisions of section 1941 of the New York Penal Law.
Accordingly, notwithstanding the fact that the defendant was not returned to California for sentence after his conviction in this court, the proceedings brought against him in the State of California constituted a conviction both under California law and under New York law.
Now, the court turns to the defendant’s second contention, i.e., that if in fact the proceedings in the California court constituted a conviction, the offense of which he was convicted there would not constitute a felony in the State of New York, relying upon People v. Olah (300 N. Y. 96).
The information in the California case charges the defendant with the crime of assault with intent to commit rape in violation of section 220 of the Penal Code of California.
The statutory provisions of the California law dealing with the crimes of assault with intent to commit rape, parallel our statutory provisions and are in all material respects similar to the New York Penal Law.
The California rape statute must be considered in connection with the charge contained in the information. (People ex rel. Gold v. Jackson, 5 N Y 2d 243.) The defendant was charged there with assault with intent to commit rape “by force and violence ” upon the female in question.
Accordingly, the court finds that the prior conviction of the defendant in the State of California was a conviction of a crime which would constitute a felony if committed in the State of New York.
In dealing with defendant’s third contention, i.e. that the court was influenced in imposing an excessive sentence because of the inaccuracies contained in the report furnished the court by the Probation Department, the court finds no merit to that contention. In fact, the defendant’s attorney upon the oral argument of this motion first stated that he was not claiming that the sentence imposed was excessive. However, he later stated that he was submitting all of the contentions for decision by the court. It becomes necessary, therefore, to pass upon this contention.
*414 Defendant here seeks to collaterally attack the probation report by a mere general allegation that it contained inaccurate information. This court pronounced sentence upon the defendant primarily upon the basis of the dastardly nature of the crime in this case. However, on this motion, the court has again reviewed the presentence probation report and finds that the observations made by the court at the time of sentence are in all material respects borne out by that report. Some of the information received relative to the defendant’s sex proclivities and impulses came from psychiatric reports which became a part of the record of the California court, and from the United States Army records. These out-of-court records are not successfully challenged by the defendant. Accordingly, defendant’s motion is in all respects denied.