THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD MACHADO, Appellant.— In a proceeding by defendant, designated by him as one for a writ of error *coram nobis*, to vacate his sentence as a second felony offender and to be resentenced as a first felony offender upon a judgment of the former County Court, Queens County, rendered June 10, 1960 on his plea of guilty, convicting him of assault in the second degree, the defendant appeals from an order of said court, dated March 28, 1962 denying his application. The court considered defendant's application as a motion for resentence and denied it on the merits (see 34 Misc 2d 408). Appeal dismissed. Whether defendant's application be deemed one for a writ of error *coram nobis* or a motion for resentence is immaterial. As we said in *People* v. *Horne* (18 A D 2d 695) : "*Coram nobis* is not available as a remedy alternative to appeal (*People* v. *Sullivan,* 3 N Y 2d 196; *People* v. *Sadness,* 300 N. Y. 69); nor is an order denying a motion for resentence, such as the one at bar, appealable (*People* v. *Kay,* 6 A D 2d 1037; *People* v. *Rockwell,* 1 A D 2d 933; *People* v. *Sidoti,* 1 A D

2d 232, 234)." Nevertheless, as in *People* v. *Horne* (*supra*), we have examined into the merits of defendant's contentions and find them to be without merit. In our opinion defendant was properly sentenced as a second felony offender. The prior conviction of the defendant in the State of California was a conviction of a crime which would constitute a felony if committed in the State of New York. Although the Superior Court of the State of California suspended proceedings following defendant's conviction and placed him on probation (California Penal Code, § 1203), the California proceedings constitute a conviction within the meaning of section 1941 of the Penal Law. Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.