Scileppi, J. (dissenting).
This appeal presents one question: whether a plea of guilty, standing alone (no sentence was imposed), constitutes a “ conviction ” within section 1941 of the Penal Law as applied to second felony offenders. Since we have never ruled on this precise point, it is incumbent on us to weigh considerations of legislative intent arid public policy as we attempt to ferret out the intended meaning and impact of the section. Of course, cases in sister jurisdiction, as well as lower court cases in this State, are not binding on u's, but we should not turn a deaf ear to such voices as we endeavor to fashion a rule for New York.
The Supreme Court of Maine, as early as 1904, has held: “ When no issue either of law or fact remains to' be determined, and there is nothing to be done except to pass sentence, the respondent has been convicted; and the record of that conviction, or the docket entries where no extended record has been made, are' admissible against him to prove such conviction.” (State v. Knowles, 98 Me. 429, 431-432.) In 1962 the same court reiterated its position by stating that “ the ‘ conviction ’ is the verdict of guilty and the sentence is the judgment following *737 conviction” (Duncan v. State, 158 Me. 265, 271, cert. den. 371 U. S. 867). In substance, it can be said that Maine holds: when there is no issue of law or of fact to be determined, and when all that remains is the imposition of sentence, i.e., when the defendant is ‘ ‘ ripe for sentence ’ ’, the defendant has been convicted (see Donnell v. Board of Registration of Medicine, 128 Me. 523).
Perhaps the best analysis of the problem is found in Munkley v. Hoyt (179 Mass. 108, 109): “ ‘ The ordinary legal meaning of “conviction,” when used to designate a particular stage of a criminal prosecution triable by a jury, is the confession of the accused in open court, or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt; while “judgment” or “sentence” is the appropriate word to denote the action of the court before which the trial is had, declaring the consequences to the convict of the fact thus ascertained ’ ”.
Although these cases do not deal with second felony offenders, they do hold that the imposition of sentence is not the pivotal point in determining whether one has been convicted. Bather the critical consideration is whether there has been a plea of guilty or whether a verdict of guilty has been rendered against the defendant.
In interpreting section 470-b of the Code of Criminal Procedure in conjunction with section 1941 of the Penal Law, our lower courts have consistently stated that a plea of guilty shall constitute a conviction for the purpose of adjudicating a defendant a second felony offender. (People v. Gianni, 201 Misc. 275; People ex rel. Bistany v. Brophy [dictum], 173 Misc. 572, 260 App. Div. 994, affd. 285 N. Y. 839; see, also, People v. Machado, 34 Misc 2d 408, app. dsmd. 18 A D 2d 1103, cert. den. 375 U. S. 866.) In my view, these cases have properly interpreted the legislative intent and public policy involved in the statutes under consideration. In People v. Gowasky (244 N. Y. 451) this court used the following language (p. 460): “ But when he is convicted, then comes the question of his sentence, and he is no longer to be treated as a first offender ” (emphasis supplied). This certainly indicates that one maybe considered “ convicted ” before sentence is imposed. Of course, “ conviction ” may and does mean different things in different contexts, depending on the legislative intent (Matter of Richetti v. New York State Bd. of Parole, 300 N. Y. 357, 360).
*738 The interpretation which I propose seems to be a logical interpretation of the public policy considerations which motivated the enactment of section 1941 of the Penal Law. The public policy prompting the passage of this section is to protect society from habitual felons by enlarging the area of punishment for subsequent offenses. (People v. Marinello, 11 Misc 2d 1026.) It is, therefore, unreasonable to assume that the Legislature, in enacting section 1941 of the Penal Law, intended that a person who has been found guilty of a felony or who pleads guilty to a felony may commit a second felony during the hiatus between plea (or verdict) and sentence and not be punished (for the second felony) as a second felony offender. There is no compelling reason to make the pronouncement of sentence after the plea of guilty the sine qua non for punishing someone as a second offender, especially since the defendant is ripe for sentence, i.e., all issues of fact or law have been determined.
People v. Fabian (192 N. Y. 443) involved a question of disfranchisement of one who was “ convicted ” of bribery (N. Y. Const., 1894, art. II, § 2, now art. II, § 3). There we held that “conviction” for disfranchisement purposes required a judgment based upon a verdict of guilty. This ease, as well as Matter of Keogh v. Wagner (15 N Y 2d 569), involved the possibility of irreparable injury to the individuals involved. In Fabian, if the verdict alone were sufficient to disfranchise the defendant, and if judgment were arrested or otherwise successfully attacked, the defendant would have suffered irreparable injury if, during the interim between verdict and sentence, he were denied the right to vote. Similarly in Keogh, since a public official may resign at any time, to prohibit his resignation at the moment of his choice would cause irreparable injury in that he would be deprived of his right to resign at will with the possible loss of certain vested pension rights. In such circumstances, there is an overriding reason to require the finality of the judgment before rights may be irretrievably lost. Obviously, different considerations of public policy have motivated these decisions.
In Fabian, Willard Bartlett, J., traced the history of the constitutional and statutory provisions involved and determined that the framers of the 1822 Constitution intended to disfranchise someone by no less a “ conviction ” than that necessary to disqualify him as a witness. Therefore, analogizing the latter situation to that then under consideration by the court, it was *739 decided that a verdict of guilty plus a judgment based thereon were necessary to constitute a conviction which would exclude a citizen from suffer age. In addition, reference is made to the possibility of arrest of judgment or newly discovered evidence, with the result that the defendant may be exonerated. Thus the Fabian court was reluctant to deprive the defendant of a right which would be irretrievably lost. In the first rationale we see the possibility of irreparable injury if one is forbidden to testify because of the verdict or plea, i.e., once the trial at which he is to testify is over, if something thereafter occurs to upset the determination of the witness’ guilt, the injury (exclusion of his testimony) cannot be repaired. In the second rationale we see the same possibility of the inability to correct an erroneous verdict or plea. However, when dealing with subsequent offenders, if the first * ‘ conviction ’ ’ is upset, its use as a foundation for second felony offender treatment may be corrected in a coram nobis proceeding (People v. Kronick, 308 N. Y. 866). Since the rationale of Fabian does not apply here, it may not be used as authority in the setting of this case.
Finally, the Appellate Division made much of section 470-b of the Code of Criminal Procedure, stating that it reflects a legislative intent to require an imposition of sentence before one may be considered a second felony offender. That section in pertinent part provides as follows: “If judgment be not pronounced as in the last section provided, nevertheless: 1. For the purpose of indictment and conviction of a second offense, the plea or verdict and suspension of sentence or suspension of execution of the whole or a part of the judgment after sentence shall be regarded as a conviction, and shall be pleaded according to the fact.” (Code Crim. Pro., § 470-b, subd. 1.) In my opinion the Legislature is focusing its attention on the fact of the plea or the verdict and not on the sentence. In other words, I view the legislative intent of this section to be a mandate that the courts consider the plea or verdict as the critical factor in determining whether a defendant has been “convicted”.
I would hold: a plea of guilty (as well as a verdict of guilty), standing alone, constitutes a conviction within section 1941 of the Penal Law, as applied to second felony offenders.
Order affirmed.