Xavier C. Riccobono, J.
In this article 78 proceeding petitioner moves for an order to reinstate his real estate salesman’s license and to stay the Secretary of State from canceling said license because of his recent felony conviction.
The essential facts are not in dispute. Petitioner was convicted upon a trial by jury of two counts of perjury and sentenced on March 11, 1971, to a prison term of one to two and a-half years on each count, to run concurrently. On March 29, 1971, a notice of appeal was filed and on April 12,1971, petitioner was *605 granted a certificate of reasonable doubt. The Legislature, by enacting article 12-A of the Real Property Law, required licensing of all real estate brokers and salesmen. In addition section 440-a explicitly provides that: “No person shall be entitled to a license as a real estate broker or real estate salesman under this article who has been convicted in this state or elsewhere of a felony ’ ’. The Secretary of State, in purported compliance with the statutory provision above mentioned, is acting to revoke petitioner’s license.
However, it is urged upon this court that a license revocation based upon section 440-a of the Real Property Law is premature since his conviction is being appealed. Petitioner further argues that a revocation of his license at this time works an irremedial injustice violating his constitutional rights to equal protection of the law and procedural ahd substantive due process. Conceptually, this argument is most appealing. However, respondent urges that the law is settled that a felony conviction is a proper ground for revocation (Matter of O’Neill v. Department of State of State of N. Y., 24 A D 2d 940) and petitioner’s license should be immediately revoked.
I do not entirely agree with this position. The State’s power to revoke a license is usually upheld on the ground that the conviction relates to the standard of conduct and character properly demanded of a person engaging in certain activities affecting the public. The real estate profession is no exception. Article 12-A of the Real Property Law was enacted to assure the competency and professional conduct of brokers and salesmen, since theirs is a position of trust and confidence (Matter of Sullivan Co., 289 N. Y. 110, 114 ; Matter of Diona v. Lomenzo, 26 A D 2d 473, 477). Certainly a felony conviction demonstrates misconduct in disregard of law and public policy and ordinarily warrants license revocation.
However, the revocation cases supporting respondent’s position arise from situations where the findings of guilt were determined with some finality. No appeal of the conviction was then pending. Thus, in Matter of Weinrib v. Beier (269 App. Div. 481, mot. for lv. to app. den. 294 N. Y. 628) where a dentist was involved, it was determined that the term ‘ ‘ conviction ’ ’ included a suspended sentence. This logic was followed in Matter of Stolz v. Board of Regents (4 A D 2d 361) and De Veau v. Braisted (5 A D 2d 603). The term conviction is equivocal in meaning and must be construed in the context of the particular statute involved. It is strictly a question of legislative intent (De Veau v. Braisted, supra, p. 610 ; Matter of Weinrib v. Beier, 294 N.Y. 628, supra). Obviously, section 440-a of the Real *606 Property Law and the revocation cases cited herein construe the term to mean a judicial finding of guilt, irrespective of whether a sentence is imposed or suspended. It is the finding that a petitioner is guilty of untrustworthy conduct which merits revocation of the license.
But where it has not been determined with finality that petitioner has committed the conduct alleged, the license should not be revoked. After all, a license is permission to lawfully carry on a business or profession and it should not be taken away without due process of law (Matter of Wignall v. Fletcher, 303 N. Y. 435). Due process requires, among other things, that the party whose rights are being determined must be given full and fair opportunity to completely and finally adjudicate the merits of his alleged misconduct. Ñor is it an answer to say that in petitioner’s particular case due process of law would lead to the same result or the revocation could be achieved in another manner or upon other grounds (Matter of Hecht v. Monaghan, 307 N. Y. 461, 470). It is enough to know that a premature revocation could, in a particular case, completely destroy a person’s livelihood. Of what benefit is vindication where the duration of the revocation can practically destroy, severely limit or substantially decrease a licensee’s former income producing potential.
Thus, notwithstanding the contrary opinion of the Attorney-General’s office (1929 Opns. Atty. Gen. 314) which is based largely upon the 1924 Court of Appeals decision, Matter of Obergfell (239 N. Y. 48), I define the term conviction to mean a full and final determination of guilt allowing a party to exhaust whatever normal appellate procedures are available. License revocation is a harsh penalty with severe results. It is incumbent upon a court of law to preserve the status quo of a licensee until such time as it is determined with certainty that his conduct merits this extreme censure. Militating toward this result, is the fact that petitioner is not alleged to have committed wrongful acts while engaged in the conduct of his profession, which would warrant revocation. Furthermore, as an analogy to Justice Asch’s decision granting petitioner a certificate of reasonable doubt (N. Y. L. J., April 13, 1971, p. 17, col. 1) it is consistent to say that there is no way the State can make reparation or mitigate what would be lost by a premature license revocation. If the conviction is ultimately sustained by the appellate court, the action here only delays the date of revocation for some six months. Since it has been determined that there are reasonably arguable questions to be settled by an appellate *607 court, we should not hastily prejudge this, or any other, individual.
In passing, the court wishes to note that the Obergfell decision mentioned herein (supra) is not analogous to our present situation. In that case there was also a possibility that a conviction might be reversed but the particular statute involved a public official and its language was construed to mean that a felony conviction would automatically limit the duration of the official’s elected term. It was not a punishment for his conduct or offense (supra, p. 50). License revocation following a felony conviction is indeed a punishment or censure for the offense committed. It arises when it is determined that one has failed to live up to the standards of conduct required by his profession.
Revocation at this stage of the proceeding is premature and clearly not within the intendment of the statute or consonant with the most fundamental notions of due process. Petitioner’s requested relief is granted. The Secretary of State shall reinstate, and is stayed from revoking, his license upon grounds of perjury conviction until such time as the petitioner’s appeal is finally determined.