In the Matter of KATZ'S DELICATESSEN, INC., Doing Business under the Name of KATZ'S DELICATESSEN, Respondent, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Appellants.

Argued January 8, 1951; decided March 8, 1951.

*Alvin McKinley Sylvester* for appellants. It is undisputed that seven persons, two of them officers of petitioner, engaged in a game of stud poker, for stakes, on the licensed premises. Such activity constituted a violation of subdivision 6 of section 106 of the Alcholic Beverage Control Law which prohibits any gambling on licensed restaurant premises. (*Matter of Fischer,* 231 App. Div. 193; *People* v. *Welti,* 179 Misc. 76; *Watts* v. *Malatesta,* 262 N. Y. 80; *Lyman* v. *Shenandoah Social Club,* 39 App. Div. 459; *Hitchins* v. *People,* 39 N. Y. 454; *Matter of Ilnicki* v. *O'Connell,* 275 App. Div. 1018; *Matter of Wendell* v. *Lavin,* 246 N. Y. 115; *Port Chester Wine & Liquor Shop* v. *Miller Bros.,* 253 App. Div. 188, 254 App. Div. 780, 281 N. Y. 101; *Matter of Erikson* v. *Cohen,* 243 App. Div. 1; *Handler* v. *Doelger Brewing Corp.,* 173 Misc. 173, 259 App. Div. 846; *Purity Extract & Tonic Co.* v. *Lynch,* 226 U. S. 192; *Bertholf* v. *O'Reilly,* 74 N. Y. 509; *Matter of Fortino* v. *State Liq. Authority,* 273 N. Y. 31; *Matter of Sagos* v. *O'Connell,* 301 N. Y. 212.)

*Morton S. Robson* and *Eugene J. Robson* for respondent. The card game was of the friendly or social variety. The participants were all close friends of long standing and none of them were patrons of the licensed premises. The game was played in the basement storeroom of the premises in which patrons were not allowed. Neither respondent, its officers nor any other person received any consideration or benefit, either direct or indirect, from the card game other than as participants on an equal basis with the other participants. Such a card game, played under these circumstances, does not constitute a violation of the Penal Law and, therefore, is not gambling within the meaning of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. (*People* v. *Bright,* 203 N. Y. 73; *People* v. *Pack,* 179 Misc. 316; *People* v. *Molea,* 191 Misc. 951; *Green* v. *Hart,* 41 F. 2d 855; *State* v. *Baitler,* 131 Me. 285.)

DYE, J.   The State Liquor Authority, after notice and hearing, suspended for five days the petitioner's retail beer license for having suffered and permitted gambling on the licensed premises in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law which provides: " 6. No person licensed to sell alcoholic beverages shall *suffer or permit any gambling* on the licensed premises, or suffer or permit such premises to become disorderly." (Emphasis supplied.)   Concededly, the gambling was not of the variety condemned by the criminal statutes but was a social game of poker played in a basement room of the licensed premises between officers of the licensee corporation and five others, all men of good repute and substantial means.   The stakes were nominal and there was no element of professionalism.   When taken before the Magistrate's Court variously charged with violating sections 722 and 973 of the Penal Law, the charges were dismissed and quite properly so (*People* v. *Stedeker,* 175 N. Y. 57; *People* v. *Bright,* 203 N. Y. 73; *Watts* v. *Malatesta,* 262 N. Y. 80).   Nonetheless, the Liquor Authority used the incident as the basis for the disciplinary proceeding which is here challenged for insufficiency.

Disciplinary penalties imposed by the Authority for gambling prohibited by the criminal statutes present no difficulty when there is evidence to sustain the charge (*Matter of Avon Bar & Grill* v. *O'Connell,* 301 N. Y. 150 [book-making]).   Conversely, a determination based on gambling will be set aside when substantial evidence is lacking (*Matter of Arnold Reuben, Inc.,* v. *State Liq. Authority,* 294 N. Y. 730).

The validity of the within determination depends not on sufficiency of proof to establish the forbidden act but whether the act as conceded — social gambling for nominal stakes on the licensed premises — constitutes grounds for discipline within the statute or, to state it more simply, whether the determination of the Authority when based on circumstances insufficient in law to sustain a criminal conviction is so unreasonable as to be arbitrary and capricious.

It is the policy of the State " to regulate " the traffic in liquor " in the public interest   *   *   *   for the protection, health, welfare and safety of the people of the state " (L. 1934, ch. 478; Alcoholic Beverage Control Law, § 2).   A liquor license

is not a right but a privilege which, once issued, is enjoyed subject to the power reserved to the Authority to amend, suspend or revoke or, in its discretion, to impose disciplinary penalties for specific infractions (§ 113). Subdivision 6 of section 106 confers broad powers designed to assure the complete separation of gambling from the liquor traffic. The phrase " any gambling " as used in the statute is susceptible of only one interpretation: it is all inclusive and may be read to embrace both casual and professional betting. The distinction between casual and professional gambling now recognized in the enforcement of criminal statutes provides no basis for saying that the phrase " any gambling " as used in the Alcoholic Beverage Control Law was intended to mean otherwise than its clear language indicates.

The prohibition of " any " gambling on the licensed premises is not an unreasonable restriction and it does not become unreasonable as matter of law when applied to an act otherwise innocuous such as social gambling, so long as there is a reasonable relation between the clear language of the statute and the act complained of (*Purity Extract & Tonic Co.* v. *Lynch,* 226 U. S. 192). The circumstance that the players here were not patrons of the restaurant in the ordinary sense, but friends and guests of the proprietor, does not serve to avoid the prohibition of the statute. The Legislature used language of sufficient breadth and common meaning to embrace any gambling, casual and social or professional and criminal. The test is not whether a crime was being committed but whether the Alcoholic Beverage Control Law was being violated, a matter for initial determination by the Authority. When such determination is based on the existence of circumstances — which in this instance are conceded — reasonably within the statutory prohibition, such determination may not be set aside as arbitrary and capricious but will be upheld (*Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104, 108; *National Labor Relations Bd.* v. *Hearst Publications,* 322 U. S. 111; *Rochester Tel. Corp.* v. *United States,* 307 U. S. 125).

The order of the Appellate Division should be reversed and the determination of the State Liquor Authority confirmed, with costs in this court and in the Appellate Division.

Loughran, Ch. J., Lewis, Conway and Desmond, JJ., concur with Dye, J.; Fuld and Froessel, JJ., dissent and vote to affirm for the reasons set forth in the opinion of the Appellate Division.

Order reversed, etc.