Henry Epstein, J.
Petitioner seeks to compel respondents to accept his application for a liquor license for on-premises consumption and to have rule 45 of the respondent board declared invalid. Petitioner’s license is for sale of beer and cider at retail in his restaurant. Application for on-premises sale of hard liquor, etc., has been refused. Petitioner must show a clear right to the relief sought (Colucci v. O’Connell, 129 N. Y. S. 2d 613, affd. 283 App. Div. 964). The discretion of respondents board and Authority, respectively, is broad and must necessarily be such in the area of their separate and joint activities (Matter of Barry v. O’Connell, 303 N. Y. 46). Rule 45, which petitioner here attacks, limits the number of on-premises liquor and wine licenses for on-premises consumption after February 1, 1959. No applications (except by waiver by the State Liquor Authority) are to be received for license changes between February 1, 1959 and January 31, 1960. The powers *294 of the respondent Authority are broad (Alcoholic Beverage Control Law, § 17, subd. 2).
Even uniformity of rules is expressly waived by the Legislature in section 115. Conditions of like character were sustained as a proper regulation under rule 17 (Matter of Brenner v. O’Connell, 308 N. Y. 636). Limitation of licenses is therefore an appropriate exercise of the authority so vested in the State and local bodies. Petitioner has no property right in the license he seeks, nor is it a privilege of a citizen of the United States or State (Crowley v. Christensen, 137 U. S. 86, 91; Bertholf v. O’Reilly, 74 N. Y. 509). The New York City board’s action was proper, since there was no waiver from the State Authority. The courts should not invade the appropriate province of the State Liquor Authority or the local board (Matter of Guardian Life Ins. Co. v. Bohlinger, 284 App. Div. 110, affd. 308 N. Y. 174).
The Authority has standards for judging the bona fide quality of a restaurant and the relation of sale of foods and liquors. At least two cases have been decided in the Court of Appeals which warrant not interfering with the action here under attack (Matter of Kate’z Delicatessen v. O’Connell, 302 N. Y. 286, 289; Matter of Kaplan v. O’Connell, 305 N. Y. 850). Buie 45 forbids the relief petitioner seeks. It is a reasonable exercise of the rule-making power of the respondent Authority. The decision in Matter of Kaplan v. Rohan (8 A D 2d 270) is clearly distinguishable on the facts, and there the validity of rule 45 was not attacked as here. This rule has been in effect since 1956 and has not been altered by the Legislature.
Petition dismissed.