■ In the Matter of MAX GROSS, Appellant, against NEW YORK CITY ALCOHOLIC BEVERAGE CONTROL BOARD et al., Respondents.— Order unanimously reversed on the law, with $20 costs and disbursements to the appellant, the motion to dismiss the petition is denied, with $10 costs, and leave is granted to respondents to serve an answer and affidavits, if so advised, within 20 days after service of the order entered herein, with notice of entry. Rule 45 of the Rules of the State Liquor Authority does not limit the number of licenses that may be issued in the class involved. Rather than establishing a limit on the number of licenses to be issued it merely changes the manner of their issuance. Setting up certain or new conditions that must be met in order for one to secure a license and limiting their issuance to those who comply with those conditions is not such a limitation as is contemplated by rule 17. The power to prohibit the acceptance of applications having been granted to the Authority only "in connection" with a limitation on the issuance of licenses as is contemplated by rule 17, and no such limitation having been made, there is no authority for prohibiting the acceptance of applications (see Matter of Kaplan v. Rohan, 8 A D 2d 270). The petitioner relying on Matter of Kaplan v. Rohan, contends rule 45 to be invalid because the denial of a waiver would not be reviewable. The respondent Liquor Authority takes the same position with respect

to the reviewability of such action although it does not concede that that would make the rule invalid. We cannot come to the conclusion that a denial of a waiver may not be reviewed nor did the Third Department do so in deciding the *Kaplan* case. There the Authority sought a dismissal of the proceeding squarely upon the ground that the denial of a waiver was not subject to judicial review. The law appears to be settled that at least a threshold judicial review is available where the action taken by an administrative agency is tantamount to a final order, and there has been no clear expression by the Legislature prohibiting such review. (*Matter of Jeanpierre* v. *Arbury*, 4 N Y 2d 238; *Matter of Schwab* v. *McElligott*, 282 N. Y. 182, 186.) The denial of a waiver under rule 45 would be such a final order because in effect it would be the denial of a license. Concur — Rabin, J. P., M. M. Frank, McNally, Stevens and Bastow, JJ. [19 Misc 2d 293.]