In the Matter of PETRA MORALES, Doing Business under the Name of EL ARCO IRIS RESTAURANT, Petitioner, *v.* DONALD S. HOSTETTER et al., Constituting the State Liquor Authority of the State of New York, Respondents.

First Department, May 11, 1967.

*Thomas Cartelli* for petitioner.

*Lawrence Kunin* of counsel (*Hyman Amsel*, attorney), for respondents.

BOTEIN, P. J. A restaurant liquor license issued to the petitioner by the State Liquor Authority on June 20, 1958, and renewed annually thereafter, was revoked by a determination of the Authority dated December 2, 1966 on the ground that " the licensee is forbidden to traffic alcoholic beverages pursuant to Section 126 of the Alcoholic Beverage Control Law because

of the licensee's conviction of a felony."[1]   The basis of this article 78 proceeding to annul the determination is that, on the facts related below, there was no conviction within the definition set forth in subdivision 8 of section 3 of the Alcoholic Beverage Control Law.   That section provides that as used in the law, unless the context requires otherwise, " ' Convicted ' and ' conviction ' include and mean a finding of guilt resulting from a plea of guilty, the decision of a court or magistrate or the verdict of a jury, irrespective of the pronouncement of judgment or the suspension thereof."

Two indictments filed against petitioner in 1966 each charged her with the crimes of feloniously selling a narcotic drug, feloniously possessing a narcotic drug with intent to sell, and unlawfully possessing a narcotic drug.   On June 21, 1966, before trial, petitioner pleaded guilty to attempted felonious possession of a narcotic drug, to cover both indictments, and sentence was adjourned to September 20, 1966.   According to her pedigree, Spanish is petitioner's only language, and her petition alleges that " your Petitioner does not understand or is able to read the English language and, therefore, in agreeing to her plea of guilty, she misunderstood the meaning of said plea."

On July 19, 1966, the Authority commenced a proceeding to revoke petitioner's license and scheduled a hearing for July 29, 1966, which was adjourned at petitioner's request.   At the outset of the adjourned hearing on August 29, 1966, petitioner's counsel asked a further adjournment to September 21, stating as reasons, " First of all, she is coming up for sentencing on September 20th * * * and, secondly, she is in the midst of negotiating for the sale of these premises.   I state here and now that on September 21st there will be a no contest plea, that is, as I see it presently.   However, I would like an adjournment for all purposes."   The adjournment was granted, as was another, and the hearing was resumed on September 28, 1966.   At that time petitioner's counsel made the following statement:

" This Defendant is making an application to the Court on October 10, 1966, before Mr. Justice Marks to withdraw her plea

---

1. Section 126 provides in part:

" The following are forbidden to traffic in alcoholic beverages:

"1. A person who has been convicted of a felony or any of the misdemeanors mentioned in section eleven hundred and forty-six of the penal law, unless subsequent to such conviction such person shall have received an executive pardon therefor removing this disability or a certificate of good conduct granted by the board of parole pursuant to the provisions of the executive law to remove the disability under this section because of such conviction."

of guilty. The Licensee maintains that it was I who prevailed upon her to plead guilty.

"I feel, in all fairness, that I did prevail on her; and I feel, in all fairness, that the application to withdraw her plea of guilty should be made. Accordingly, I would like to adjourn this matter until after we have a decision from the Court on October 10th."

Remarking that three adjournments had already been granted at petitioner's instance, the hearing officer refused a further postponement. After the Authority's attorney introduced proof of the guilty plea petitioner rested, with the request that the Authority withhold decision pending disposition of the application to withdraw the plea. On October 10, 1966 the application to withdraw the plea was granted and a plea of not guilty to both indictments entered. The hearing officer's findings, dated October 28, 1966, sustained the charge against petitioner, and concluded with a notation that "at the hearing the attorney for the licensee made application to the Authority that it take no action upon this proceeding pending disposition of an application by the licensee to the Supreme Court, New York, New York County, to withdraw her plea of guilty. According to the attorney for the licensee, this application was to be made on October 10, 1966." Revocation was voted by the members of the Authority at their regular meeting held November 30, 1966. The Authority's answer in this proceeding denies an allegation in the petition that petitioner's attorney notified the Authority that the motion to withdraw the guilty plea had been granted.

The record does not show that the Authority was aware, before it acted, that the plea had been withdrawn. To no extent, however, does it attempt to rely on that circumstance, even if it conscionably could in view of the hearing officer's reference to the possibility of a motion to withdraw the plea. The Authority's position is, flatly, that a plea of guilty is in itself a conviction, and the revocation order merely a ministerial recording of the fact of conviction. In its view, accordingly, a permitted substitution of a plea of not guilty would be of no moment. Nor does the Authority argue that the petitioner should have undertaken at the hearing to justify her withdrawal of the plea; by explaining, for example, that because of her illiteracy in English or other lack of comprehension her plea was the result of excusable misunderstanding. We agree that explanations of the kind were for the criminal court alone to consider, but when that court decided that the guilty plea was not to be deemed a guilty plea, we question that the Legislature intended the Authority to regard the plea as still valid.

The term "conviction," as the Authority of course acknowledges, is of equivocal meaning (*Matter of Weinrib* v. *Beier*, 294 N. Y. 628, 631; *Matter of Richetti* v. *New York State Bd. of Parole*, 300 N. Y. 357, 360). "The question is one of legislative intent" (*De Veau* v. *Braisted*, 5 N Y 2d 236, 242). Doubtless the Alcoholic Beverage Control Law definition, by the phrase "irrespective of the pronouncement of judgment or the suspension thereof," has helped to narrow the area of ambiguity (cf. *People* v. *Fabian*, 192 N. Y. 443; *People ex rel. Marcley* v. *Lawes*, 254 N. Y. 249; *People* v. *Harcq*, 292 N. Y. 321; *Matter of Keogh* v. *Wagner*, 20 A D 2d 380, affd. 15 N Y 2d 569). But in our opinion that phrase is not the key to legislative intention in the present context.

The United States Supreme Court has, indeed, said that a plea of guilty "is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." (*Kercheval* v. *United States*, 274 U. S. 220, 223.) But the court continued as follows (pp. 223–224): "Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. * * * But, on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertance. * * * The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just. * * * The effect of the court's order permitting the withdrawal was to adjudge that the plea of guilty be held for naught."

These excerpts, approvingly quoted by our Court of Appeals in *People* v. *Spitaleri* (9 N Y 2d 168, 171, 172), furnish a sound guide to the meaning of the statutory definition. A finding of guilt results from a plea of guilty if knowingly and voluntarily made. If in the judgment of the court receiving the plea it should be and is "held for naught," if in other words no finding of guilt results from the plea, to treat it as a conviction within the intendment of the Alcoholic Beverage Control Law seems both unfair to the licensee and without public advantage. That the Legislature contemplated such a consequence we think an unreasonable conclusion.

A felony conviction apparently creates a permanent disability in securing a liquor license, absent an executive pardon or a certificate of good conduct granted by the Board of Parole (cf. *Matter of Taurisano* v. *State Liq. Auth.*, 284 App. Div. 124). A

licensee whose guilty plea is allowed to be withdrawn may be acquitted; the anomalous if not insoluble difficulty he might then face in removing his disability, if his plea constitutes a conviction, may properly be considered in determining legislative intent (cf. *Matter of Richetti* v. *New York State Bd. of Parole*, 300 N Y 357, 361, *supra*). The Authority's citation of *Matter of Ginsberg* (1 N Y 2d 144) seems to us unavailing since the provisions of the Judiciary Law considered in that case have no relevant counterpart in the Alcoholic Beverage Control Law. Section 369 of the Banking Law is more to the point as an explication of the legislative purpose implicit in the Alcoholic Beverage Control Law provisions we are considering.[2]

The determination of the Authority revoking petitioner's license should be annulled, on the law and the facts, without costs or disbursements.

TILZER, J. (dissenting). True, it has been said that the word "convicted" or "conviction" is of equivocal meaning. But there is no need in the present instance to question what the Legislature intended, to seek to narrow the area of ambiguity or to look to guides as to the meaning of "convicted" and "conviction" in the present context. The statute explicitly defines a "conviction" as a "finding of guilt resulting from a plea of guilty". (Alcoholic Beverage Control Law, § 3, subd. 8.)

It seems to us that that is the end of the matter. We must add, nevertheless, considering the nature of the crime to which the petitioner pleaded guilty as well as the public policy of the State to control the sale of alcoholic beverages for the purpose of fostering respect for and obedience to law (Alcoholic Beverage Control Law, § 2), that the result is neither unfair to the licensee nor without public advantage. We remain quite unconvinced, moreover, that the petitioner misunderstood the meaning of her plea. The two indictments charged her in nine counts with the unlawful possession and felonious sale of heroin on

2. "For the purposes of this article, a person shall be deemed to have been convicted of a crime if such person shall have pleaded guilty to a charge thereof before a court or magistrate, or shall have been found guilty thereof by the decision or judgment of a court or magistrate or by the verdict of a jury, irrespective of the pronouncement of sentence or the suspension thereof, unless such plea of guilty, or such decision, judgment or verdict, shall have been set aside, reversed or otherwise abrogated by lawful judicial process or unless the person convicted of the crime shall have received a pardon therefor from the president of the United States or the governor or other pardoning authority in the jurisdiction where the conviction was had, or shall have received a certificate of good conduct granted by the board of parole pursuant to the provisions of the executive law to remove the disability under this article because of such conviction." (subd. 6).

three separate occasions. On June 21, 1966, her attorney of course being present to advise her (it being observed that on defendant's previous court appearances her counsel as well as a Spanish interpreter was present), consideration was shown to the defendant and she was permitted to plead guilty to but one count of attempted felonious possession of a narcotic drug to cover both indictments. This was an act of grace on the People's part, a favor shown in return for a plea obviating a trial. Petitioner's counsel too fully appreciated the "bargain" she had obtained for her client. On August 29, 1966, as the majority point out, she asked for an adjournment of the respondents' hearing to revoke the petitioner's liquor license since the petitioner was coming up for sentencing and was in the midst of negotiating a sale of the premises, assuring the Commissioner on this occasion that on the adjourned date of the hearing " there will be a no contest plea, that is, as I see it presently."

The change of tactics on counsel's part, the permission given to withdraw the guilty plea, was a privilege extended to the petitioner as a person "accused of crime". While the withdrawal of the plea may have covered up the self-imposed stain, the mark of petitioner's admission of guilt, and affected her status as a criminal defendant, it could not remove the scar resulting from her plea of guilty and restore her to her original position as a pure and unsullied priviliged licensee of the State Liquor Authority. The test is not fairness to the licensee, although we would concede that a plea of guilty, as in this case, be understandingly given. Rather, the criterion is whether the Alcoholic Beverage Control Law is being violated, " a matter for initial determination by the Authority." (Matter of Katz's Delicatessen v. O'Connel, 302 N. Y. 286, 289.) If the license of a dentist or those of members of other professions may be forfeited by a plea of guilt to the commission of a felony (Matter of Weinrib v. Beier, 294 N. Y. 628, 632; Matter of Ginsberg, 1 N Y 2d 144), is not a like result commanded when there is in issue not a right to follow a particular calling, but the grant of a license from the State to engage in a regulated business? (Report of Attorney-General, 1950, p. 110.) " ' There is no inherent right in a citizen' to engage in the business of selling intoxicating liquors " (Matter of Wager v. State Liq. Auth., 4 N Y 2d 465, 468), but merely the grant of a " privilige which once issued, is enjoyed subject to the power reserved to the Authority to amend, suspend or revoke * * * for specific infractions " (Matter of Katz's Delicatessen v. O'Connell, 302 N. Y. 286, 288–289, supra; Alcoholic Beverage Control Law, § 126). The language of the Alcoholic Beverage Control Law,

a statute designed to regulate the traffic in liquor in the public interest for the protection of the health, welfare and safety of the people of the State, is susceptible of but one interpretation: a person who pleads guilty to a felony is forbidden to traffic in alcoholic beverages.

The determination of the Authority should be confirmed.

CAPOZZOLI and WITMER, JJ., concur with BOTEIN, P.J.; TILZER. J., dissents in opinion in which STEUER, J., concurs.

Determination annulled, on the law and on the facts, without costs or disbursements.