■ FRANK A. TIMPA, Doing Business as BAISLEY LOUNGE, STU-LAINE CORP., Petitioner, v STATE OF NEW YORK LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Liquor Authority, dated October 23, 1978 and made after a hearing, which canceled petitioner's liquor license. Petition granted to the extent that the determination is modified, on the law, by annulling the finding of guilt as to Charge No. 4 and the penalty imposed and said charge is dismissed. As so modified, determination confirmed, petition otherwise dismissed on the merits, and matter remanded to respondent to reconsider the penalty to be imposed in the light of the dismissal of Charge No. 4. Charge No. 4 stemmed from an unauthorized alteration of the licensed premises in 1967 by the corporate licensee. This took place prior to the purchase of the corporation by the petitioner, who is presently the sole shareholder of the corporation. In the intervening 12 years, the petitioner has not made any structural alterations. The prosecution of a 12-year-old violation raises equitable questions, particularly where there has been a complete change of ownership after the violation occurred. There is no evidence that the transfer was made to avoid liability for this violation. Accordingly, the respondent, State Liquor Authority, should be precluded from prosecuting this charge. The other charges arose out of an investigation of petitioner's bar in which nude go-go dancers were engaged in lewd and indecent dances on the two nights that performances were witnessed by the investigators. The petitioner was not present during any of these performances. He worked in the bar from noon to 6:00 P.M., and then returned at 11:00 P.M. until closing time. However, the general manager of the bar was there during the performances and was aware of what was taking place. Therefore, the licensee is chargeable with knowledge of what transpired (see *Matter of Triple S. Tavern v New York State Liq. Auth.,* 40 AD2d 522, affd 31 NY2d 1006). The hearing examiner determined that the activity was lewd, indecent, and also disorderly, in violation of the rules of the State Liquor Authority (9 NYCRR 53.1 [r], [s]), and subdivision 6 of section 106 of the Alcoholic Beverage Control Law. These findings, which were adopted by the respondent, were supported by substantial evidence and must be confirmed. Damiani, J. P., Titone, O'Connor and Martuscello, JJ., concur.