■ In the Matter of STEUBEN PROPERTIES, INC., Doing Business as WOODEN NICKEL, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—Judgment unanimously reversed on the law without costs, determination confirmed, and petition dismissed. Memorandum: Petitioner entered a plea of "no contest" to a charge that it had violated section 106 (6) of the Alcoholic Beverage Control Law by suffering or permitting gambling on its premises. The State Liquor Authority found petitioner guilty of the charge and imposed a seven-day suspension of its liquor license and $1,000 bond forfeiture. Peti-

tioner instituted this CPLR article 78 petition to annul the determination and the court granted the petition to the extent of eliminating the suspension. That was error. The seven-day suspension was not so shocking to one's sense of fairness as to warrant setting it aside *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 232-234; *see, Matter of Danzo Estate v New York State Liq. Auth.,* 27 NY2d 469; *cf., Matter of Plato's Cave Corp. v State Liq. Auth.,* 68 NY2d 791, 793; *Matter of Katz's Delicatessen v O'Connell,* 302 NY 286). (Appeal from judgment of Supreme Court, Steuben County, Scudder, J.—art 78.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.