■ In the Matter of CIA MEADOW AVENUE MART No. 5624 INC., Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Owen, J.), entered November 5, 1990 in Orange County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent suspending petitioner's beer license.

Petitioner is a single stockholder New York corporation owning a grocery store located in the City of Newburgh, Orange County. In March 1988, respondent sought to suspend petitioner's beer license due to the sale of alcohol to a minor. On June 22, 1988, respondent accepted a no-contest plea from petitioner on the charge and imposed a penalty of license suspension for 22 days, "15 days forthwith, 7 days deferred plus $1,000 bond claim". On June 30, 1988, the license expired before the suspension was imposed and respondent modified the penalty to so record. Thereafter, apparently as part of the sale of petitioner's stock, applications to renew the license and change petitioner's stockholder were filed. The license renewal

application was approved on November 15, 1988. The application for "corporate change" (Alcoholic Beverage Control Law § 99-d [2]) was approved on February 1, 1989. During this time, although the $1,000 bond was paid on October 24, 1988, the suspension portion imposed against the license had not been served.

On March 14, 1990, respondent dismissed charges brought against petitioner, again involving the sale of alcohol to a minor. It was at that time that respondent "discovered" that the previously assessed penalty of suspension had not yet been served by petitioner. Respondent thereafter modified its previous determination, noting payment of the bond, and imposed the suspension. Petitioner then sought annulment of the determination pursuant to this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal followed.

We affirm. Respondent's determination, if not arbitrary or capricious, must be upheld (see, Matter of Katz's Delicatessen v O'Connell, 302 NY 286, 289). Petitioner is a corporation and the beer license was issued to it (see, Alcoholic Beverage Control Law § 3 [18], [22]). Accordingly, we find nothing arbitrary or capricious in respondent's determination that petitioner, as licensee, continued to be liable for the penalty assessed notwithstanding a change in ownership. Nor do we find the time within which respondent finally imposed such penalty on petitioner to be of such great length as to equitably preclude its imposition (cf., Timpa v State of New York Liq. Auth., 67 AD2d 944).

Casey, Levine, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.